```
 1                UNITED STATES BANKRUPTCY COURT

 2                CENTRAL DISTRICT OF CALIFORNIA

 3                         --oOo--

 4  In Re:                        )   Case No. SA10-14682-ES
                                  )
 5  MARSHALL SANDERS,             )   Santa Ana, California
                                  )   Thursday, October 20, 2011
 6           Debtor.              )   9:30 a.m.
    _____)
 7                                    ADV. 11-01318 SANDERS V.
                                      COUNTRYWIDE, ET AL
 8
                                      STATUS CONFERENCE RE:
 9                                    COMPLAINT TO DETERMINE THE
                                      NATURE, EXTENT AND VALIDITY
10                                    OF LIEN, AND TO DISALLOW
                                      SECURED CLAIM, TILA
11                                    VIOLATION, FRAUD, LIBEL,
                                      QUIET TITLE AND INJUNCTIVE
12                                    RELIEF, ETC.

13                 TRANSCRIPT OF PROCEEDINGS
             BEFORE THE HONORABLE ERITHE A. SMITH
14              UNITED STATES BANKRUPTCY JUDGE

15  APPEARANCES:

16  For Certain Defendants:       JOHN D. PINGEL, ESQ.
                                  Reed Smith, LLP
17                                101 2nd Street
                                  San Francisco, California
18                                   94105
                                  (415) 543-8700
19

20  For GMAC Mortgage and         ADAM BARASCH, ESQ.
      Goldman Sachs:              Severson & Werson
21                                One Embarcadero Center
                                  26th Floor
22                                San Francisco, California
                                     94111
23                                (415) 398-3344

24
    Proceedings recorded by electronic sound recording;
25  transcript produced by transcription service.
```

*Briggs Reporting Company, Inc.*

```
                                                                    ii
 1  APPEARANCES: (cont'd.)

 2  For First American Title:      ZI LIN, ESQ.
                                   Garrett & Tully, APC
 3                                 225 South Lake Avenue
                                   Suite 1400
 4                                 Pasadena, California 91101
                                   (626) 577-9500
 5

 6  For KPMG, LLP:                 WILLIAM BATES, ESQ.
                                   Bingham McCutchen, LLP
 7                                 1117 South California Avenue
                                   Palo Alto, California 94304
 8                                 (650) 849-4998

 9  For PricewaterhouseCoopers:    DOUGLAS LEVIN, ESQ.
                                   Gibson, Dunn & Crutcher
10                                 3161 Michelson Drive
                                   Irvine, California 92612
11                                 (949) 451-4196

12  For General Electric:          MARK D. ASDOURIAN, ESQ.
                                   610 Newport Center Drive
13                                 Suite 1250
                                   Newport Beach, California
14                                   92660
                                   (949) 644-5300
15

16  For Grant Thornton:            GREGORY MARTIN, ESQ.
                                   Winston & Strawn, LLP
17                                 333 South Grand Avenue
                                   Los Angeles, California 90071
18                                 (213) 615-1700

19  For LPS Agency Sales and       BRIAN STEWART, ESQ.
      Posting:
20

21  For Mozillo:                   HOLLY GERSHOW, ESQ.
                                   Irell & Manella
22                                 1800 Avenue of the Stars
                                   Los Angeles, California 90067
23                                 (310) 277-1010

24

25
```

*Briggs Reporting Company, Inc.*

```
                                                                     iii

 1  APPEARANCES:  (cont'd.)

 2  For Deloitte Touche              JODI E. LOPEZ, ESQ.
      Tohmatsu:                      Sidley Austin, LLP
 3                                   555 West 5th Street
                                     Los Angeles, California 90013
 4                                   (213) 896-6600

 5  For Kelley Escrow                THOMAS M. KELLEY, ESQ.
      Corporation, Kathleen A.       11941 Woodlawn Avenue
 6    Kelley, Thomas M. Kelley:      Santa Ana, California 92705
                                     (714) 321-3288
 7

 8  For Fidelity National Title:     KEVIN BROERSMA, ESQ.
                                     Fidelity National Law Group
 9                                   915 Wilshire Boulevard
                                     Suite 2100
10                                   Los Angeles, California 90017
                                     (213) 438-7207
11

12  Court Recorder:                  Rick Reid
                                     United States Bankruptcy Court
13                                   411 West Fourth Street
                                     Suite 2030
14                                   Santa Ana, California 92701

15  Transcriber:                     Briggs Reporting Company, Inc.
                                     6336 Greenwich Drive, Suite B
16                                   San Diego, California 92122
                                     (310) 410-4151
17

18

19

20

21

22

23

24

25
```

```
                                                                1
 1     SANTA ANA, CALIFORNIA  THURSDAY, OCTOBER 20, 2011 9:30 AM
 2                           --oOo--
 3      (Call to order of the Court.)
 4           THE COURT:  9:30 calendar.  Number 16, in the
 5  matter of Sanders vs. Countrywide, et al.
 6           MR. PINGEL:  (Telephonic)  Good afternoon, your
 7  Honor.  John Pingel appearing on behalf of a number of
 8  defendants.
 9           I'll list them off:  Bank of America, National
10  Association; Recon Trust Company, National Association;
11  Countrywide Financial Corporation; Countrywide Home Loans,
12  Incorporated; Land Safe Title of California; Wells Fargo
13  Bank, National Association; John D. Stumpf, Mortgage
14  Electronic Registration Systems, Incorporated; MERS Corp.,
15  Incorporated; and Kenneth D. Lewis.
16           And appearing by Court Call.
17           THE COURT:  I'm sorry, can I get your last name
18  again?
19           MR. PINGEL:  Yes, Pingel.  P as in Paul, I-N-G-E-
20  L.
21           MR. BARASCH:  (Telephonic)  Good morning, your
22  Honor.  Adam Barasch of Severson and Werson appearing on
23  behalf of GMAC Mortgage and Goldman Sachs.
24           MR. LIN:  Good morning, your Honor.  Zi Lin on
25  behalf of First American Title Insurance Company.
```

*Briggs Reporting Company, Inc.*

2

1         MR. BATES:  (Telephonic)  Good morning, your
2 Honor.  Bill Bates, Bingham McCutchen, for defendant KPMG,
3 LLP.
4         MR. LEVIN:  (Telephonic)  Good morning, your
5 Honor.  Douglas Levin of Gibson, Dunn and Crutcher on behalf
6 of PricewaterhouseCoopers, LLC.
7         MR. ASDOURIAN:  Good morning, your Honor.  Mark
8 Asdourian for General Electric Company.
9         MR. MARTIN:  Good morning, your Honor.  Greg
10 Martin of Winston and Strawn on behalf of Grant Thornton.
11         THE COURT:  I'm sorry.  I didn't get your
12 appearance.  For?
13         MR. MARTIN:  Grant Thornton.
14         MR. STEWART:  Good morning, your Honor.  Brian
15 Stewart on behalf of defendant LPS Agency Sales and Posting.
16         MS. GERSHOW:  Good morning, your Honor.  Holly
17 Gershow, Irell and Manella, on behalf of defendant Mozillo.
18         MS. LOPEZ:  Jodi Lopez on behalf of defendant
19 Deloitte Touche Tohmatsu.
20         MR. KELLEY:  Thomas Kelley on behalf of Kelley
21 Escrow Corporation, Kathleen A. Kelley and Thomas M. Kelley.
22         MR. BROERSMA:  Thank you, your Honor.  Kevin
23 Broersma for Fidelity National Title Insurance Company.
24         MR. SANDERS:  Marshall Sanders, plaintiff.
25         THE COURT:  All right.  Have you all had a chance

3

1  to review the tentative ruling?  You can see it's a fairly
2  long tentative ruling, and I spent a lot of time reviewing
3  this matter for reasons that are basically stated in the
4  tentative ruling.
5           But to summarize, this is a Chapter 7 case, and as
6  far as any claims against the defendants, section 541 of the
7  Bankruptcy Code which includes property of the bankruptcy
8  estate is fairly broad and includes not only tangible assets
9  but also any claims or causes of action that may have
10 existed as of the date of the bankruptcy filing.
11          And as I indicated in my tentative ruling, that is
12 distinguished from the interests that one may have in the
13 physical structure of the house or the land.  And I went
14 back and reviewed the original schedules that were filed,
15 the amendments that were filed and -- because I wanted to
16 make a determination clearly the house was listed.
17          So when the trustee issued his statement or notice
18 regarding no distribution, which we by shorthand call a no-
19 asset report, indicating that there were no assets that
20 would be distributed and that he was basically intending to
21 abandon any interest in that, I'll just make clear that, as
22 a matter of law, that notice of no asset is not itself an
23 abandonment but it is an expression of the trustee that the
24 trustee does not intend to administer known assets, that is
25 assets that were listed.

4

1          I reviewed the schedules to see whether or not the
2  causes of action that are the subject of this adversary
3  proceeding had been included in the bankruptcy schedules,
4  which they were not.  So that's why I sort of went through
5  the chronology of what assets had been disclosed to the
6  trustee before the case was closed the first time.
7          Again, without going too deeply into the statute,
8  but it says what it says and -- basically that once the
9  trustee has, quote, fully administered the case and the case
10 is closed, that it's effectively an abandonment of assets
11 that the trustee knew about at the time the case was closed.
12         Subsequent to the closing of the case, there was a
13 motion to reopen filed by Mr. Sanders, plaintiff.  And I've
14 got the dates indicated in the tentative ruling of when that
15 happened.
16         So there was the application -- I think it was in
17 the form of an ex parte which set forth a number of causes
18 of action that are mentioned or included in the adversary
19 that is currently on for hearing today as a status
20 conference.
21         The trustee was served with notice of that
22 document that included the causes of action.  And I made a
23 note that once the case was reopened, the trustee didn't
24 file anything with the Court or attempt to intervene in the
25 lawsuit.  So the trustee's inaction might be deemed an

5

1  intent not to administer that claim.
2      Here's where the bottom line is, though.  Either
3  way we go with this, meaning if there was an abandonment by
4  the trustee, that means that the property belongs no longer
5  to the estate but to the plaintiff personally.
6      And when it is no longer property of the estate,
7  that then raises a jurisdictional issue for me because this
8  is a court of limited jurisdiction.  And I cited to the
9  authority that basically says that if the Court becomes
10 aware that it lacks subject matter jurisdiction, it has a
11 duty to make a decision on that and to basically not allow
12 the proceeding to continue, knowing that the Court lacks
13 jurisdiction.
14     And that's really important because -- to all the
15 parties, that you don't want to go down a course of action
16 where people are coming to status conferences and spending
17 time and money if the Court knows it doesn't have
18 jurisdiction to make a final decision.
19     If there wasn't an abandonment, we still have an
20 issue because that means that the property -- or rather the
21 claims are part of the bankruptcy estate.  And in that case,
22 the Chapter 7 trustee has exclusive authority over those
23 claims.  Okay.
24     So in preparing for this hearing, it became
25 apparent to me that either this action cannot go forward

6

because it's an asset of the estate and only the trustee can prosecute it, or if there's been an abandonment, then it's not property of the estate and this Court lacks subject matter jurisdiction to make a final decision.

I will note, as I did, that the causes of action that have been alleged are not actions that would arise in or under the Bankruptcy Code. These are primarily state law and other non-bankruptcy laws that have been cited, and so -- you know, there's the recent U.S. Supreme Court decision, Stern vs. Marshall.

I don't know that it has application here, but one thing that that ruling does call into question is the jurisdiction of the Bankruptcy Court to hear state law matters that -- in that case, there was actually a finding that it was a core matter, but the court still didn't have jurisdiction because a certain statute was declared unconstitutional, given the posture, that is in the form of a counterclaim that involved state law issues.

That's not what we have here, but I think here we've got a more fundamental issue, and that is that it would appear to me that this is not property of the estate. Though the trustee -- there may not have been an abandonment when the case was first closed because these claims had not been disclosed to the trustee.

And where claims are not disclosed to the trustee,

7

1  there cannot be an assumption that the trustee administered
2  those claims.
3        Well, the case was reopened and these claims were
4  then asserted and the trustee was provided with some notice
5  of -- that these were claims being asserted by Mr. Sanders.
6  And the trustee was aware that an adversary proceeding was
7  either going to be filed or had been filed and did not take
8  action to intervene.
9        Then I think the Court could make a finding at
10 that point that when the case closed the second time, that
11 effectively those claims had been abandoned to the debtor,
12 Mr. Sanders.
13       So because I was doing this sua sponte, meaning on
14 the Court's own motion, I wanted to make sure that everyone
15 understood the basis for my view of this and I wanted to
16 make sure that you all had appropriate legal authority
17 before this case went too far.
18       Because from the standpoint of the defendants, the
19 defendants certainly -- I know many of them have pending
20 motions to dismiss which would need to be litigated and
21 hearings held.  And Mr. Sanders would have to defend those
22 motions.
23       And it seems to me that it would not be an
24 efficient use of either Court resources or money and time of
25 the various parties when this Court is of the view that it

*Briggs Reporting Company, Inc.*

8

1 lacks jurisdiction to hear this matter because it does not
2 involve property of the estate and cannot possibly impact
3 the administration of this case, because any recovery, when
4 we're talking about abandoned assets, would be for the sole
5 benefit of Mr. Sanders and would not be for the benefit of
6 creditors of the bankruptcy estate or the trustee.
7     So if anybody wants to address that issue.
8     All right.
9     Anyone appearing telephonically?
10    All right.
11    With that, as far as this adversary proceeding is
12 concerned -- and, again, I'll simply read the Federal Rules
13 of Civil Procedure as incorporated by the bankruptcy -- the
14 Federal Rules of Bankruptcy Procedure Rule 12(h)(3) provides
15 that if the Court determines at any time that it lacks
16 subject matter jurisdiction, the Court must dismiss the
17 action.
18    And for the reasons that I stated, because I am
19 making a finding that there's been an abandonment of the
20 claims to Mr. Sanders, I am therefore going to dismiss the
21 adversary proceeding.
22    To the extent that Mr. Sanders wishes to prosecute
23 or pursue those claims, they would need to be pursued in a
24 forum or court of competent jurisdiction. Whether that's
25 state or federal district court, that would be entirely up

```
                                                              9
 1  to Mr. Sanders to decide.
 2          All right.  The Court will issue its own order
 3  dismissing the adversary proceeding.
 4          Accordingly, all pending motions to dismiss will
 5  be taken off calendar as moot.
 6      (Proceedings concluded.)
 7
 8          I certify that the foregoing is a correct
 9  transcript from the electronic sound recording of the
10  proceedings in the above-entitled matter.
11  /s/ Holly Martens_____        12-22-11_____
    Transcriber                      Date
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```